UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CR-00045-R

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

MICHAEL BROWN, et al.                                      DEFENDANTS

## MEMORANDUM AND ORDER

Before the Court are a number of motions by the criminal defendants indicted in this action.   The Government has responded.   As the Court requires no further briefing, these motions are now ripe for adjudication.   Below, the Court issues its rulings.

## BACKGROUND

On October 11, 2011, the Grand Jury returned a three-count indictment against nine criminal defendants.   Each count describes a separate criminal conspiracy to knowingly and intentionally distribute either crack cocaine, cocaine hydrochloride, or marijuana in the Western District of Kentucky.   The substantive counts of the indictment are as follows:

Count One: From in or about and between June 1999, to in or about June 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 280 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance. . . .   In violation of [21 U.S.C. §§ 846, 841(b)(1)(A)].

Count Two: From on or about and between April 13, 2011, to on or about May 17, 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance . . . .   In violation of [21 U.S.C. §§ 846 , 841(b)(1)(C)].

1

> Count Three: From in or about and between June 2010, to in or about June 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance . . . .   In violation of [21 U.S.C. §§ 846, 841(b)(1)(D)].

Indictment, DN 1 at 1-2 (formatting altered).

Of the nine criminal defendants, six have filed motions that the Court now reviews: James Hardin, Curtis Hamilton, Jonathan Drew, Michael Taylor, Michael Brown, and Johnny Thomas. Brown and Thomas are named in Count One only.   Hamilton and Drew are named in Count Three only.   Hardin is named in Counts Two and Three.   Taylor is named in Counts One and Three.

## DISCUSSION

## I. Motions for disclosure of exculpatory evidence (DN 72; DN 110)

Defendant James Hardin has filed motions asking the Government to disclose all exculpatory evidence, including the substance of any plea agreement with prospective witnesses, any records of interviews in which Hardin participated with law enforcement agencies, evidence that impugns the credibility of potential witnesses, psychological reports that pertain to the witnesses, and any information that is discoverable pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).   He also solicits the identities of all confidential informants.

The Government responds that it is aware of and will comply with the obligations of *Brady*, its progeny, and Federal Rule of Criminal Procedure 16.   Gov't Response, DN 114.   As for the identities of informants, the Government indicates that all participating informants will be called during trial as witnesses and their identities are therefore protected by the Jencks Act.

2

"[I]n most criminal prosecutions, the *Brady* rule, Rule 16, and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled."   *United States v. Presser*, 844 F.2d 1275, 1285 n. 12 (6th Cir. 1988) (citations omitted).   Rule 16 "requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony."   *United States v. Watson*, 787 F. Supp. 2d 667, 672 (E.D. Mich. 2011) (quoting *United States v. Pegross*, No. 05–80949, 2007 WL 1771542 at *1 (E.D. Mich. 2007)).   Where the government has assured the court and defendants that it is aware of and will comply with its obligations under Rule 16 and *Brady*, defendants' motions requesting pretrial discovery are often denied.   *E.g.*, *id.* at 672-73; *United States v. Moore*, No. 5:09-CR-00015-R, 2010 WL 5092719, at *1-2 (W.D. Ky. Dec. 7, 2010).

Prior to trial, the government is under no obligation to reveal the identities of its witnesses. *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984).   The privilege of non-disclosure is not absolute; a defendant may be entitled to a confidential informant's identity prior to trial where the informant was part of the police investigation and will not testify in the subsequent trial.   *See Roviaro v. United States*, 353 U.S. 53, 62 (1957); *United States v. Eddings*, 478 F.2d 67 (6th Cir. 1973).   Where a confidential informant will be called to testify, pretrial disclosure of his or her identity is unnecessary.   *See e.g., United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993); *United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987); *United States v. Pennick*, 500 F.2d 184, 186-87 (10th Cir. 1974); *United States v. Brice*, No. 1:08-CR-00050, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009).

3

The Government has been candid that all exculpatory evidence will be disclosed in a timely manner.   Though the Court has no reason to doubt these statements, it encourages the Government to release the pertinent materials sought as early as possible.   In addition, since all participating informants will testify at trial, the Government is not required to disclose their identities.   Hardin and his co-defendants will have the opportunity to confront and vigorously cross examine these witnesses at trial.   Disclosure of their identities is unwarranted.

Accordingly, these motions are DENIED.

## II. Motion to sever (DN 80)

Defendant Curtis Hamilton moves to sever his trial from the other defendants under Rule 14 of the Federal Rules of Criminal Procedure.   Hamilton argues severance is justified because the only overt act that ties him to the conspiracy was the delivery of two packages containing marijuana to his place of business, both arriving on May 27, 2011.   Besides denying knowledge of contents of the packages, he points out that many of his co-defendants are implicated in the charged conspiracies through video recordings, audio surveillance, and testimony of law enforcement officers who witnessed their conspiratorial activities.   Hamilton maintains that his alleged involvement in the conspiracy, relegated to the receipt of two parcels, is so ancillary that to try him alongside the other defendants would be to prejudice his chances with the jury.   In addition, Hamilton asks the Court to order the Government to turn over any statements by the Government's witnesses that link him to the conspiracy.

The Government agrees to try those defendants charged with Count Three separately from the conspirators charged in Counts One and Two.   Gov't Response, DN 117.   It objects to Hamilton's motion insofar as it seeks severance from his co-defendants also indicted in Count Three.   *Id.*

4

Hamilton has failed to demonstrate in his motion that severance from his co-defendants in Count Three is necessary to avoid serious prejudice.   "[A] defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice."   *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)).   Past precedent holds that severance of defendants indicted together is appropriate only where there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."   *United States v. Kincaide*, 145 F.3d 771, 780 (6th Cir. 1998) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).   Hamilton's concerns that the Government may possess more evidence against some of his codefendants as opposed to him are irrelevant.   *See United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) ("A defendant is not entitled to severance because the proof is greater against a co-defendant." (citing *United States v. Anderson,* 626 F.2d 1358, 1373 (8th Cir. 1980))).   Moreover, Hamilton has not provided a sufficient basis for this Court to conclude he will be prejudiced by a joint trial with his co-defendants.   The Government has put forth adequate evidence to secure an indictment, and the response to this motion asserts that inculpatory witness testimony will be offered against him.   Hamilton has not carried his burden for the instant motion.

Accordingly, this motion is GRANTED IN PART AND DENIED IN PART.

### III. Motion to sever (DN 88)

Defendant Jonathan Drew moves to sever his trial from the other defendants under Rule 14 of the Federal Rules of Criminal Procedure.   Similar to Hamilton, Drew is only alleged to have participated in Count Three of the indictment, conspiracy to distribute and possess marijuana.   He asserts that were he to stand trial with his co-defendants, who are accused of conspiracy to

distribute cocaine and crack cocaine, he would be unduly prejudiced.   He continues that the different counts and defendants were impermissibly joined under Rule 8 of the Federal Rules of Criminal Procedure.   For relief, Drew urges the Court to bifurcate the trial between Count Three and Counts One and Two.

The Government responds that it does not oppose severance of Count Three from Counts One and Two.   Gov't Response, DN 113.   It objects to Drew's motion insofar as it petitions that he be tried separately from his co-defendants.

For all of the reasons listed above, severance of the individual defendants under Count Three is improper.   *See Warner*, 971 F.2d at 1196 (where defendants are indicted under the same count in an indictment, severance is discouraged).   Drew has not provided an adequate foundation for the Court to grant his request that he be tried alone on Count Three.   Although the motion asserts that he and his co-defendants are poised to offer antagonistic defenses at trial, there is no indication what those defenses might be or the extent to which they could prejudice the proceeding.   For antagonistic defenses, severance under Rule 14 is only proper where a criminal defendant can show the defense "would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'"   *Id*. (quoting *United States v. Davis,* 623 F.2d 188, 194-95 (1st Cir. 1980)). Furthermore, the Court is hesitant to grant such relief without a clearer grasp on which defendants will actually proceed to trial as opposed to those that may choose to enter plea agreements with the Government.

For these reasons, Drew's motion to sever is GRANTED IN PART AND DENIED IN PART.   Trial on Count Three will be severed from Counts One and Two, however those defendants named in Count Three will be tried jointly.

6

**IV. Motion to sever (DN 89)**

Defendant Michael Taylor moves to sever his trial from the other defendants under Rule 14 of the Federal Rules of Criminal Procedure.   Taylor is named in Counts One and Three of the indictment - conspiracy to possess and distribute crack cocaine and marijuana.   The Government indicates it has no opposition to severing the trial on Counts One and Three.   Gov't Response, DN 112.   Taylor's motion is therefore GRANTED.   It is DENIED to the extent this motion can be construed as requesting a trial alone on Counts One and Three.   Taylor has not offered sufficient evidence of prejudice to justify such relief.

**V. Motion to adopt any and all motions filed by co-defendants (DN 106)**

Defendant Michael Brown moves to join all motions filed with the Court by his co-defendants.   This request is hereby GRANTED.

**VI. Motion to sever (DN 108)**

Defendant Johnny Thomas moves to sever his trial from that of his co-defendants.   He offers no articulable basis for doing do, other than the conclusory remark that he will not receive a fair trial if he appears with his co-defendants before the jury.   Considering the lack of explanation and the general disfavor of trying defendants indicted under the same count separately, the Court will DENY this motion.

**VII. Motion to sever (DN 109)**

Defendant James Hardin petitions the Court for relief from prejudicial joinder and asks the Court to sever the case against him under Rule 14 from his co-defendants.   Hardin is named in Counts Two and Three.   He says that if he is tried in conjunction with his co-defendants or with someone who is alleged to have participated in Count One, he will be prejudiced, as the jury will likely infer guilt from the weight of the totality of the evidence.

Inasmuch as this motion asks for a separate trial for Count One and Counts Two and Three, the Government agrees to the request and says it should be granted.   Gov't Response, DN 115. The Court will oblige and separate the latter two counts in the indictment from the first.   The Court does not reach the conclusion on whether Hardin may be tried separately from his co-defendants, although precedent cited above would counsel against such action.   *See Warner*, 971 F.2d at 1196.

Accordingly, this motion is GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED:

(1)     The following motions are hereby GRANTED IN PART AND DENIED IN PART: DN 80, DN 88, and DN 89.

(2)     The following motions are hereby GRANTED: DN 106 and DN 109.

(3)     The following motions are hereby DENIED: DN 72, DN 108, and DN 110.

(4)     The Government must abide by the requirements of *Brady*, the Jencks Act, and the Federal Rules of Criminal Procedure, such that defense counsel may have timely access to the necessary materials to prepare for trial.