**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO. 5:11-CR-00045-R**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**

**MICHAEL BROWN, et al.**                                                                    **DEFENDANTS**

**MEMORANDUM AND ORDER**

Before the Court are a number of motions by Defendant Michael Brown. The Government has responded to each in opposition. As the Court does not require further briefing, these motions are now ripe for adjudication. Below, the Court issues its rulings.

**BACKGROUND**

On October 11, 2011, the Grand Jury returned a three-count indictment. Each count describes a separate criminal conspiracy to knowingly and intentionally distribute crack cocaine, cocaine hydrochloride, or marijuana in the Western District of Kentucky. The substantive counts of the indictment are as follows:

> Count One: From in or about and between June 1999, to in or about June 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 280 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance. . . .   In violation of [21 U.S.C. §§ 846, 841(b)(1)(A)].
>
> Count Two: From on or about and between April 13, 2011, to on or about May 17, 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance . . . .   In violation of [21 U.S.C. §§ 846, 841(b)(1)(C)].

> Count Three: From in or about and between June 2010, to in or about June 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance . . . .  In violation of [21 U.S.C. §§ 846, 841(b)(1)(D)].

Indictment, DN 1 at 1-2 (formatting altered).

Defendant Michael Brown is named in Count One.  He has filed three motions in advance of trial – one asking the Government to produce exculpatory evidence (DN 104), another requesting the production of the identities of all participating informants (DN 105), and the final seeking severance of his case from his co-defendants (DN 102).  The Government has responded to each.

## DISCUSSION

**I. Motion for the production of materials pursuant to *Brady v. Maryland* (DN 104)**

Brown moves for the Court to order production of specific exculpatory materials pursuant to the mandate of *Brady v. Maryland*, 372 U.S. 8 (1963).  He requests the names of any and all witnesses who will testify, the identities of those who have operated as informants for law enforcement, any promises and records of payments law enforcement made to informants, records of any promises of leniency to informants and witnesses, and any other evidence that is discoverable and exculpatory.  Brown also asks for the Government to turn over the DEA's file on each informant.  The Government responds that it is aware of and will comply with the obligations of *Brady*, its progeny, and the federal rules of criminal procedure.  Gov't Response, DN 118.

The government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs,* 28 F.3d 555, 560 (6th Cir. 1994) (citing *Brady v. Maryland,* 373 U.S. 83 (1963)). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs,* 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States,* 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States,* 405 U.S. 150, 154-55 (1972)). Prior to trial, when the government has assured the court and defendants that it is aware of and will comply with its obligations under *Brady*, defendants' motions requesting pretrial discovery are often denied. *E.g.*, *United States v. Watson*, 787 F. Supp. 2d 667, 672-73 (E.D. Mich. 2011); *United States v. Moore*, No. 5:09-CR-00015-R, 2010 WL 5092719, at *1-2 (W.D. Ky. Dec. 7, 2010).

The Government assures the Court and Brown alike that it will abide by *Brady* and its progeny in time for Defendants to prepare for trial. The Court has no reason to doubt these promises but would still encourage the disclosure of this information as early as possible.

**II. Motion to provide the identity and address of all participating informants (DN 105)**

Brown moves to compel the Government to provide the identities of all participating informants. He argues that under several constitutional provisions and *Roviaro v. United States*, 353 U.S. 53 (1957), the identities of informants are discoverable along with information that would lead to their impeachment at trial. In its response, the Government indicates that all participating informants will be called during trial as witnesses and thus their identities are protected by the Jencks Act. Gov't Response, DN 119.

Prior to trial the government is not under any obligation to reveal the identities of its witnesses. *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984). The privilege of non-disclosure is not absolute; a defendant may be entitled to a confidential informant's identity prior to trial where the informant was part of the police investigation and does not testify in the subsequent trial. *See Roviaro*, 353 U.S. at 62 (1957); *United States v. Eddings*, 478 F.2d 67 (6th Cir. 1973). However, courts have consistently found that where a confidential informant testifies, pretrial disclosure of his or her identity is unnecessary. *See e.g., United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993); *Presser*, 844 F.2d at 1283; *United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987); *United States v. Pennick*, 500 F.2d 184, 186-87 (10th Cir. 1974); *United States v. Brice*, No. 1:08-CR-00050, 2009 WL 2043554, at *1 (W.D. Ky. July 9, 2009).

The Government is not required to release the names of the participating informants prior to trial or information that would reveal their identities. Brown and his co-defendants will have the opportunity to confront and vigorously cross examine these witnesses at trial. Waiting to disclose their identities will therefore not prejudice the defendants.

### III. Motion to sever (DN 102)

Brown moves the Court to sever the trial from the other co-defendants in Count One. As the basis for this motion, he states that without severance he cannot receive a fair trial. This conclusory allegation is insufficient to justify the relief he requests.

"[A] defendant seeking severance at trial bears a strong burden and must demonstrate substantial, undue, or compelling prejudice." *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999)). Past precedent holds that severance of defendants indicted together is appropriate only where there is "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury

4

from making a reliable judgment about guilt or innocence." *United States v. Kincaide*, 145 F.3d 771, 780 (6th Cir. 1998) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Brown has not provided a sufficient basis for this Court to conclude he will be prejudiced by a joint trial with his co-defendants.

## CONCLUSION

IT IS HEREBY ORDERED

(1) Defendant's motions (DN 104; DN 105; DN 102) are denied.

(2) The Government must abide by the requirements of *Brady*, the Jenck Act, and the Federal Rules of Criminal Procedure, such that defense counsels may have timely access to the necessary materials to prepare for trial.