UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CR-00045-R

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

**v.**

**CURTIS HAMILTON, et al.**                                                          **DEFENDANTS**

**MEMORANDUM AND ORDER**

Before the Court are four motions by Defendants. The Government has responded to each. The Court does not require further briefing and these motions are now ripe for adjudication. Below, the Court issues its rulings.

**BACKGROUND**

On October 11, 2011, the Grand Jury returned a three-count indictment. Each count describes a separate criminal conspiracy to knowingly and intentionally distribute crack cocaine, cocaine hydrochloride, or marijuana in the Western District of Kentucky. The substantive counts of the indictment are as follows:

> Count One: From in or about and between June 1999, to in or about June 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute 280 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance. . . .   In violation of [21 U.S.C. §§ 846, 841(b)(1)(A)].

> Count Two: From on or about and between April 13, 2011, to on or about May 17, 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance . . . .   In violation of [21 U.S.C. §§ 846, 841(b)(1)(C)].

> Count Three: From in or about and between June 2010, to in or about June 2011, in the Western District of Kentucky, McCracken County, Kentucky, and elsewhere, the defendants . . . conspired and agreed with each other and with other persons, both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance . . . . In violation of [21 U.S.C. §§ 846, 841(b)(1)(D)].

Indictment, DN 1 at 1-2 (formatting altered).

Pretrial motions have been filed by Defendants James Hardin and Michael Brown. Hardin is named in Counts One and Two while Brown is only named in Count One. Hardin has filed a motion requesting the Government to release discovery (DN 71). Brown has filed three motions, one asking the Government to produce discovery (DN 100), another requesting production of information pursuant to *Giglio v. United States* (DN 101), and the last asking for the production of transcripts (DN 103). The Government has responded to each.

## DISCUSSION

### I. Request for Discovery (DN 71)

Defendant James Hardin requests that the Government provide discovery pursuant to the Court's previous scheduling orders. The Government responds that it has turned over all discoverable material pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, and *Brady v. Maryland*, 372 U.S. 8 (1963). Therefore, the Court DENIES this motion as moot.

### II. Motion for Discovery (DN 100)

Defendant Michael Brown also asks for the Government to turn over discovery in accordance with the Court's previous orders. The Government indicates discovery has already been sent to Defendants, including Brown. Again, the Court DENIES this motion as moot.

### III. Motion to Compel Production of Information Pursuant to *Giglio v. United States* (DN 101)

Brown requests that the Government furnish information covered by the Supreme Court's decision of *Giglio v. United States*, 405 U.S. 150 (1982). Citing this decision, Brown seeks the disclosure of the criminal history records of Government witnesses, promises of leniency made to witnesses and confidential informants, and any other impeaching information on witnesses and informants. The Government has responded that it is cognizant of its obligations under *Giglio* and will make these materials available in time for trial. In light of these assurances, the Court DENIES this motion as moot.

### IV. Motion to Produce Transcripts (DN 103)

Brown moves to compel the Government to release the transcripts of wiretaps and wired recordings of Defendants' conversations. Brown states these documents qualify as discoverable statements under the Federal Rules of Criminal Procedure. He further reminds the Court that unless it can attest to the accuracy of the transcripts, they should not be introduced at trial. *See United States v. Scarborough*, 43 F.3d 1024 (6th Cir. 1994). The Government responds that it does not oppose the motion and will turn over any transcripts when they are prepared for trial. Accordingly, this motion is GRANTED.

### CONCLUSION

IT IS HEREBY ORDERED

(1) Defendants' motions (DN 71, DN 100, DN 101) are DENIED.

(2) Defendant's motion (DN 103) is GRANTED.

(3) The Government must abide by the requirements of *Brady*, the Jencks Act, and the Federal Rules of Criminal Procedure, such that defense counsels may have timely access to the necessary materials to prepare for trial.